# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-2545-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 21, 2016, recommending that the Commissioner's decision be affirmed. (Dkt. No. 19). Plaintiff timely filed objections to the R & R. (Dkt. No. 21). After a careful review of the decision of the Commissioner, the objections of Plaintiff, the record in this matter and the relevant legal authorities, the Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, as set forth below, the Court adopts the R & R of the Magistrate Judge as the order of the Court, affirms the decision of the Commissioner, and dismisses this action with prejudice.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff asserts a series of objections to the R & R that primarily relate to the

determination of the Administrative Law Judge ("ALJ") that Plaintiff's swelling of his feet and ankles is not a severe impairment because it is controlled by medications. Plaintiff's argument is essentially that because the bar for the determination of severity under Social Security Act law is so low and Plaintiff contends that his difficulties with his lower extremity edema is so substantial, it is error for the ALJ not to have addressed the issue in more detail in her decision.

A review of Plaintiff's treatment record demonstrates there is substantial evidence to support the conclusion of the ALJ that the claimant's feet and ankle edema was controlled by medication. In fact, the record evidence is overwhelming on this point. Plaintiff was initially diagnosed with edema by his principal treating physician, Dr. Francis Tunney, in August 2009 and prescribed a daily dose of Lasix to treat the condition. Tr. 352-55. Thereafter, Dr. Tunney documented in his file on eight separate occasions over the next three and one-half years that Plaintiff had no further edema of the feet and ankles. Tr. 356, 506, 510, 514, 517, 520, 523, 526. A consulting examiner, Dr. Harriet Steinert, conducted a physical examination of Plaintiff on November 26, 2010, and documented the absence of any edema. Tr. 417. A pulmonary specialist, Dr. Daniel Game, did note the presence of some edema on one occasion, on February 23, 2011, which he thought likely secondary to medications, but a follow-up examination on November 15, 2011, determined no edema was present. Tr. 498. Plaintiff was noted on one other occasion to have edema above the knees, on July 6, 2011, but every medical examination since that date found there to be no peripheral edema present in either lower extremity.

The Court has reviewed Plaintiff's criticism of the ALJ's RFC determination and credibility analysis and concurs with the Magistrate Judge that the ALJ's decision reasonably and adequately addressed these issues in accord with controlling legal standards. Further, the Court

finds the RFC determination by the ALJ that Plaintiff retained the residual functional capacity to perform medium work to be supported by substantial evidence.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court, **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action with prejudice.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 4, 2016